

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,407

### EX PARTE VICENTE GARCIA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1223756 IN THE 176TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to two years' imprisonment. He did not appeal his conviction.

Applicant contends he suffered a due process violation because one of his prior convictions for driving while intoxicated used as a jurisdictional enhancement to elevate the present offense to a third-degree felony was obtained by the use of inaccurate intoxilyzer results. Specifically, he claims the intoxilyzer used in the underlying misdemeanor case was operated by Deetrice Wallace,

who has since been convicted of tampering with a government record for her part in falsifying records pertaining to the maintenance of the intoxilyzer.

The trial court entered findings of fact and conclusions of law, which are supported by the record in this case, that the Presiding Judge of County Court at Law No. 15, the convicting court in the underlying misdemeanor cause, set aside that conviction and granted Applicant a new trial. The State subsequently dismissed the misdemeanor cause. The trial court in this case recommends granting relief since Applicant now only has one prior conviction for driving while intoxicated, rendering his felony sentence illegal. *See* TEX. PENAL CODE § 49.09(b)(2). We agree.

Relief is granted. The judgment and sentence in Cause No. 1223756 in the 176th Judicial District Court of Harris County is set aside, and Applicant is remanded to the custody of the sheriff of Harris County to answer the charges as set out in the indictment. Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 29, 2010
Do Not Publish